## Calbar Paint & Varnish Co. v. Pierport Paint & Color Co., Inc.

*Richard P. Brown, Jr.,* for petitioner.
*T. E. Montgomery,* for respondent.

HAGAN, P. J., January 29, 1958.—This case has been at issue since May 27, 1957. It was reached on the trial list on September 25, 1957, and again on December 10, 1957, but on each occasion was continued at the request of counsel. On December 23, 1957, plaintiff sent defendant notice that plaintiff was going to take the depositions of an officer of defendant corporation on January 7, 1958. The notice further requested that the witness bring certain documents with him to the depositions. The request for documents was voluminous and indicated that the scope of the depositions would be very broad. Defendant filed a petition and rule requesting that the depositions not be taken, or in the alternative that they be limited. Although not so

denominated, the court is treating this petition as a request for a protective order under Pa. R. C. P. 4012.

In the first instance, we note that the method employed by plaintiff to secure the documents which it desires was improper. The proper method for securing the production of documents is by a motion under Pa. R. C. P. 4009 and not by a mere request, as was done in the instant case. See Pa. R. C. P. 4009; Goodrich-Amram Standard Pennsylvania Practice, section 4005(*a*)-3, page 67, and Stebelski v. Philadelphia Transportation Co., 6 D. & C. 2d 627.

There is, however, a more substantial reason why the discovery requested by plaintiff should not be allowed, and that is the fact that the case has been at issue for approximately seven months and has twice been on the trial list. Although there is no rule of civil procedure precisely on point, it is clearly the intention of the discovery rules that no discovery should be permitted which is untimely and will delay the trial of the case. Goodrich-Amram Standard Pennsylvania Practice makes the following comments:

Section 4005(*a*)-1: "There is an implied limitation that they [interrogatories] must be filed sufficiently far in advance of the opening of the trial to enable the discovery to be completed so as not to delay the trial. The court can police unjustifiably dilatory interrogatories by . . . entering an appropriate protective order, forbidding the interrogatories. . . ."

Section 4005(*b*)-1: "Like any other form of discovery, interrogatories must be filed sufficiently early in the proceedings so that they do not unfairly hold up the adversary or interfere with the trial of the action. . . ."

Section 4012(*a*)-10: "A dilatory application is entitled to as short shrift from the court under these Rules as from the chancellor under the prior practice.

A protective order forbidding the deposition provides complete and effective machinery."

Under the circumstances of this case, and particularly in light of the volume of information requested by plaintiff, it is clear that the necessary effect of plaintiff's request for discovery would be to delay the trial of the case. Accordingly, defendant's rule is made absolute, and it is hereby ordered that defendant need not produce the documents requested by plaintiff in its notice of December 23, 1957.